### FREDERICK W. PAYNE v. WILLIAM MAHON.

The District Court act, so far as it gives that court jurisdiction exclusive of other courts, is unconstitutional and void.

On *certiorari*.

Argued at November Term, 1878, before Justices VAN SYCKEL, KNAPP and DIXON.

For the plaintiff, *H. McSherry*.

For the defendant, *T. Ryerson* and *W. T. Hoffman*.

The opinion of the court was delivered by

VAN SYCKEL, J. An action of debt was brought by Mahon against Payne before a justice of the peace in Jersey City, the said Payne at that time residing within the corporate limits of said city. Judgment was rendered by the justice in favor of the plaintiff below, and the case has been certified into this court for review.

The question is whether the District Court of Jersey City has jurisdiction, exclusive of the justice's court, in cases specified in the sixth section of the District Court act.

The language of the act is very clear, and can admit of no other interpretation. The act provides that "District Courts shall have jurisdiction exclusive of all other courts whatsoever, in all cases arising under this act, where the party defendant resides within the corporate limits of the city wherein said court or courts shall be established."

The contention that a cause of action does not arise under the act until suit is brought in the District Court, and that therefore a suit may be instituted in a justice's court if process is first issued out of that court, would, if successful, deprive the words "exclusive jurisdiction" of all force, because if the word "exclusive" was omitted, and the District Court had only concurrent jurisdiction, it could exclude the justice's court in any particular case by first issuing its process.

The justice's court is without jurisdiction if the provision in the District Court act excluding it is a valid law, under that clause of the constitution of this state which provides "that every law shall embrace but one object, and that shall be expressed in the title."

The title of the District Court act is, "An act constituting District Courts in certain cities in this state."

Section six of the act of 1877, by its terms, gave the District Court jurisdiction exclusive of all other courts of the state, but was amended in 1878 so as to except the Circuit Court. It is not necessary to discuss the numerous cases in which this constitutional provision has been considered and applied.

---

Payne v. Mahon.

---

The latest case in this state, (*Rader* v. *Township of Union,* 10 *Vroom* 509,) applies this constitutional limitation on the legislative power with sufficient severity to render nugatory an attempt, under the title of the act in question, to take away the jurisdiction of other courts.

In that case it was held that a statute entitled "An act in relation to streets in Union township, Union county," cannot embrace a power to lay out parks. The court, in that case, considered the making and control of streets a thing so different from the making of parks, that a description of one did. not embrace both. While courts are frequently invested with. exclusive jurisdiction over specified subjects, and parks are sometimes erected where streets are laid out, opened and built upon, I think it may be said that taking away the jurisdiction of existing courts is as foreign to the title of the District Court act as the creation of parks is to the title of the road. act.

There is nothing in the title of the act to indicate an intention to deprive any other court of its jurisdiction, and therefore, unless the exclusion of other courts can be comprehended. among the mere incidents of the legislative purpose in establishing a District Court, this act infringes the constitutional requirement. A court must be invested with jurisdiction over certain subjects as necessarily incident to its creation. Jurisdiction is its life; deprived of jurisdiction, it becomes extinct and incapable of exercising any function. The fact, declared. by the title, that a District Court is established, clearly indicates that it is to be clothed with a jurisdiction which may be concurrent with that of pre-existing courts, but it is quite as manifest that no one would, under such a title, suspect a purpose on the part of the lawmaker to abolish other courts.

Under an act entitled "An act to give B a pension," one might as well expect to find a clause depriving C of a pension before granted.

Power to take away the jurisdiction of a court is practically the power to abolish it. If the power existed under the title in question to exclude the justice's court, there was nothing.

except other constitutional restraints to prevent the legislature in this act from depriving all other courts in the state of their entire jurisdiction by vesting jurisdiction over every subject matter in the District Court, and thus overthrowing our existing judicial system. Such an attempt would have been a more conspicuous violation of fundamental law, but it would differ from the action taken in this case in degree only, not in principle.

To vest jurisdiction in a District Court is one thing; to take away the jurisdiction of the justice's court, or the Court of Common Pleas, is an entirely different thing, having no necessary or presumable connection with it.

From the title of this act, who could tell which of our courts was to have its power diminished?

If, under this title, the jurisdiction of a justice's court can be excluded, under an act entitled "A supplement to the District Court act," some other court could be shorn of its jurisdiction, and, in turn, under an act entitled " A supplement to the act constituting courts for the trial of small causes," the District Court and the Court of Common Pleas could be deprived of their power. Such a purpose could not be more effectually concealed than under such a title.

But it must be held here, as it was in the case cited, that the entire act is not a nullity. The illegal provision is separable from the body of the act. The creation of the court, with the provisions defining the subject matters of its jurisdiction, was a legal exercise of the legislative will, and has the force of law; it is only the attempt to overthrow or circumscribe the power of courts not referred to in the title which must fail.

The justice's court had jurisdiction of the case certified here, and the judgment should therefore be affirmed, with costs.